## CIRCUIT COURT OF THE CITY OF RICHMOND

Rose Marie Hackley

  v.

Teague Enterprises, Inc., et al.

August 31, 1989

Case No. LR-1056-4

### By JUDGE RANDALL G. JOHNSON

At the hearing on August 25, I indicated, over Mr. Motley's objection, that I would treat Goodyear's motion to dismiss as a motion for summary judgment. Upon further consideration, particularly my reading of *Murphy v. Holiday Inns, Inc.*, 216 Va. 490, 219 S.E.2d 874 (1975), I feel that Mr. Motley's objection is a valid one, and that Goodyear's motion must be considered for what it is: a motion to dismiss on the pleadings.

In *Holiday Inns*, plaintiff filed suit against Holiday Inns, Inc., seeking damages for personal injuries sustained while she was a guest at a motel in Danville, Virginia. Defendant, pointing to the fact that the motel in question was actually owned by a franchisee of Holiday Inns, Inc., and arguing that no principal-agent or master-servant relationship existed between Holiday Inns, Inc., and the franchisee, moved for summary judgment. That motion was granted and the Supreme Court affirmed. Goodyear now relies on that holding to argue that plaintiff's allegation of agency in the case at bar is deficient as a matter of law. This is not a correct reading of *Holiday Inns*.

First, a distinction must be drawn between the procedural posture of *Holiday Inns* and the procedural posture of the case at bar. In *Holiday Inns*, plaintiff's motion

for judgment alleged a principal-agent or master-servant relationship. Neither the trial court nor the Supreme Court held that such allegation was deficient. Instead, they held that based on the evidence adduced in connection with defendant's motion for summary judgment, no such relationship existed. In the case at bar, Goodyear did not file a motion for summary judgment; it filed a motion to dismiss on the pleadings--a demurrer. The difference between summary judgment and demurrer is fundamental and substantial. In a demurrer, defendant says "Even if what you allege is true, I am not legally answerable." In a motion for summary judgment, defendant says "What you have alleged is not true, and there are no facts which will be available at trial to show they are true." Moreover, while the presentation of evidence is not allowed in connection with a demurrer, the very nature of summary judgment demands that some evidence be presented. It is this latter point which mandates that the court *not* treat Goodyear's motion to dismiss as a motion for summary judgment.

The notice of the hearing in this case advised plaintiff only of Goodyear's motion to dismiss. Because such motion is actually a demurrer, and because no evidence can be presented on demurrer, plaintiff and her counsel should not have been expected to be prepared to meet Goodyear's evidentiary presentation. While it was the court which suggested that Goodyear's motion be treated as one for summary judgment, and further suggested that Goodyear present evidence, such action by the court was unfair to plaintiff and should not have been taken. Likewise, it was unfair for the court to require Mr. Motley to state what evidence he could present if proper notice of a summary judgment hearing had been given. No party or lawyer should be enforced to challenge or present evidence without proper notice that he or she will be required to do so. Since the notice of the hearing in this case anticipated legal argument on a demurrer only, it would be error for the court to make a ruling based on evidence presented by the moving party at that hearing. Accordingly, the court

will treat Goodyear's motion to dismiss as what it is, a demurrer.[1]

The very first paragraph of plaintiff's motion for judgment unequivocally alleges that Teague Enterprises, Inc., is Goodyear's agent:

> 1. Defendant, Goodyear Tire & Rubber Company, Inc., is a corporation under the laws of the State of Virginia, which is engaged in the business of inspecting and repairing automobiles through various agents, including defendant Teague Enterprises, Inc., trading as Regency Tire & Auto.[2]

Because the allegation of agency must, at this stage of the proceedings, be taken as true, Goodyear's motion

---

[1] Goodyear also argues that the court may, even on demurrer, consider the affidavit attached to its grounds of defense which denies agency. This is simply not true. Only plaintiff'spleadings may be considered on demurrer. Matters raised by defendant, such as the matters contained in Goodyear's affidavit, can only be raised by a motion for summary judgment. See generally 6A M.J., Demurrers, Section 8.

[2] Counsel for Goodyear misreads Holiday Inns in at least one other important regard. Contrary to holding that plaintiff's failure to specifically plead apparent or ostensible agency limited plaintiff to proving actual agency, the Supreme Court simply stated that plaintiff had not preserved the issue of apparent or ostensible agency on appeal: "The trial court was afforded no fair opportunity to rule upon a theory of liability based upon ostensible agency. Thus, plaintiff alleged no 'holding out' by defendant or 'reliance' by plaintiff; plaintiff registered no grounds of objection to the final order based upon that theory; and plaintiff did not invoke that theory in a motion to set aside the order. On appeal, plaintiff assigns no error addressed to that theory. We are of opinion that the issue posed by plaintiff's alternative argument is not properly before us, and we do not consider it. Rule 5:7." 216 Va. at 491-92.
This is a far cry from holding, as Goodyear claims the Court held, that plaintiff's motion for judgment was defective. In fact, this court is aware of no statute, rule, or case law which requires a plaintiff to specifically state in the motion for judgment whether an agency is actual or apparent. See generally 1A M.J., Agency, Section 110. The simple fact that agency is alleged is sufficient to survive demurrer.

to dismiss is denied. Because Teague Enterprises' objection to venue rises or falls with Goodyear's being a proper party defendant, the objection to venue is overruled for now, but the court will reconsider that motion, including the possible awarding of expenses and attorney's fees, if warranted by subsequent proceedings. *See* Va. Code Sections 8.01-264 and 8.01-266.